```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

MICHAEL ALAN CROOKER,         )
     Plaintiff,               )
                              )
            v.                )
                              ) CIVIL ACTION NOS. 06-30187-PBS
                              )                   06-30213-PBS
PATRICK BURNS, NORMAN SHINK,  )                   06-30214-PBS
BYRON DAILEY, STEPHEN SWANSON,)                   07-30007-PBS
JANE HEFFNER, EDWARD CRONIN,  )                   07-30008-PBS
SEAN CONDON, ONIFFRIO MINAFO, )                   07-30065-PBS
     Defendants.              )                   07-30068-PBS
                                                  07-30077-PBS
```

MEMORANDUM AND ORDER
November 20, 2010

SARIS, D.J.

### I. INTRODUCTION

On September 21, 2010, this Court issued a Memorandum and Order (Docket No. 36) denying Plaintiff Michael A. Crooker's ("Crooker") Motions to Lift the Stay/Motions to Reopen each of the above-captioned civil rights cases.[1]  This Court ordered that these cases will remain administratively closed pending completion of Crooker's criminal case before Judge Woodlock, United States v. Crooker, CR 07-30038-DPW.

On October 26, 2010, Crooker filed a Notice of Dismissal and Motion to Consolidate Cases in each of the eight above-captioned

---

[1] On April 10, 2008, Judge Ponsor stayed (and later administratively closed) these eight civil rights cases pending disposition of Crooker's criminal case.  These cases involve claims against federal agents who executed one or more search or seizure warrants during the investigation of Crooker's criminal case.

---

cases. Specifically, Crooker advises that he has decided to dismiss four of these cases.[2] He seeks to consolidate the remaining four cases by filing a single Second Amended Complaint in the lead case. In support of this request, Crooker states that Assistant United States Attorney Goodwin had previously requested that consolidation be ordered at the time these cases still were assigned to the Springfield Division before Judge Ponsor and Magistrate Judge Neiman.

## II. DISCUSSION

A.  Voluntary Dismissal

Inasmuch as all of these cases are administratively closed at this juncture, the Court will construe Crooker's request to dismiss four of these cases as an expression of his intent not to seek to reopen, reinstate, or prosecute those four civil actions, and to voluntarily dismiss each of them. Crooker may voluntarily dismiss under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure because his request was filed before any answer or summary judgment motion by the opposing party was filed.

Accordingly, it is hereby Ordered that Crooker v. Shink, Civil Action No. 06-30213-PBS; Crooker v. Cronin, Civil Action No. 07-30065-PBS; Crooker v. Condon, Civil Action No. 07-30068-

---

[2]The cases Crooker seeks to dismiss are: Crooker v. Shink, Civil Action No. 06-30213-PBS; Crooker v. Cronin, Civil Action No. 07-30065-PBS; Crooker v. Condon, Civil Action No. 07-30068-PBS; and Crooker v. Minafo, Civil Action No. 07-30077-PBS.

2

PBS; and Crooker v. Minafo, Civil Action No. 07-30077-PBS are REOPENED solely for the purpose of the entry of a VOLUNTARY DISMISSAL by Crooker as to each of these four cases.

B.   Consolidation

Next, with respect to Crooker's request to consolidate the remaining four cases (*i.e.*, Crooker v. Burns, Civil Action No. 06-30187-PBS; Crooker v. Dailey, et al., Civil Action No. 06-30214-PBS; Crooker v. Swanson, Civil Action No. 07-30007-PBS; and Crooker v. Heffner, Civil Action No. 07-30008-PBS), by filing a single Second Amended Complaint, the Court finds Crooker's request to be premature, in light of the current posture of these cases.  As noted above, these remaining cases are administratively closed pending the completion of Crooker's criminal case before Judge Woodlock.  Thus, there is no need to file a Second Amended Complaint at this juncture.  Indeed, it is conceivable that one or more of these cases might be barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), while other cases might not, depending on the evidence and issues arising out of that criminal case.  Thus, until completion of the criminal case, it simply makes no sense to permit the filing of a Second Amended Complaint and to consolidate the remaining cases.[3]

---

[3] Moreover, the issue of whether these actions should be dismissed as a sanction for improper pleading practices, as discussed in this Court's Memorandum and Order (Docket No. 32) remains

If and/or when Crooker's criminal case is completed in its entirety, he may renew his Motion to reinstate the four remaining cases, and may file a motion to consolidate any of those cases by the filing of a Second Amended Complaint.

Accordingly, Crooker's Motion to Consolidate Cases (Docket No. 34) is <u>DENIED</u> without prejudice.

C.  <u>No Further Filings Pending Completion of Criminal Case</u>

Finally, in order to avoid wasting the Court's resources, Crooker is prohibited from filing any further pleadings in any of these eight cases that seek relief in some fashion from the Memorandum and Order (Docket No. 32) directing that these actions are administratively closed pending completion of Crooker's criminal case before Judge Woodlock.

In other words, until the completion of the criminal case, this Court will not consider further requests by Crooker to prosecute these actions or alter the status quo in any way. Failure to comply with this directive may result in sanctions against him.

### III.  CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Notice of Dismissal and Motion to Consolidate Cases, filed in each of the above-captioned cases is <u>ALLOWED</u>

---

pending.  Until this issue is resolved, it makes no sense to permit the filing of a Second Amended Complaint, or to expend judicial resources in docketing such pleading.

4

to the extent that four cases (*i.e.*, <u>Crooker v. Shink</u>, Civil Action No. 06-30213-PBS; <u>Crooker v. Cronin</u>, Civil Action No. 07-30065-PBS; <u>Crooker v. Condon</u>, Civil Action No. 07-30068-PBS; and <u>Crooker v. Minafo</u>, Civil Action No. 07-30077-PBS) are <u>REOPENED</u> solely for the purpose of the entry of a <u>VOLUNTARY DISMISSAL</u> as to each of those cases;

2. Plaintiff's Notice of Dismissal and Motion to Consolidate Cases, filed in each of the above-captioned cases, is <u>DENIED</u> without prejudice to the extent that Plaintiff seeks to consolidate four cases (*i.e.*, <u>Crooker v. Burns</u>, Civil Action No. 06-30187-PBS; <u>Crooker v. Dailey, et al.</u>, Civil Action No. 06-30214-PBS; <u>Crooker v. Swanson</u>, Civil Action No. 07-30007-PBS; and <u>Crooker v. Heffner</u>, Civil Action No. 07-30008-PBS) and to file a single Second Amended Complaint. If and/or when Plaintiff's criminal case is completed, Plaintiff may renew a Motion to Reinstate the four remaining cases, and he may move to consolidate any of those cases; and

3. Until Plaintiff's criminal case is completed, he is prohibited from filing any further pleadings in any of these eight cases that seek to prosecute these actions or alter the status quo in any way; failure to comply with these directives may result in the imposition of sanctions.

SO ORDERED.

/s/ Patti B. Saris<br>UNITED STATES DISTRICT JUDGE